| | |
|---|---|
| JOSE ARBOR CAMPOS RODRIGUEZ, | No. 2: 18-cv-0172 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOHN D'AGOSTINI, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are El Dorado County Sheriff John D'Agostini, El Dorado County Sheriff's Department, Medical Director Dr. Kuhn and Correctional Medical Group Company ("CMGC"). Plaintiff alleges that while housed at the El Dorado County Jail, he was denied adequate clothing and bedding. In particular, plaintiff alleges that he asked for thermals, extra blankets and a pillow. In support of his request, plaintiff alleges that he told the nurse, "I'm one of those guys that has medical issues in my body and mind after getting in shot in the Vietnam War, with a few bullet fragments that never came out of my body completely." Plaintiff alleges that his request for thermals, extra blankets and a pillow were denied. Plaintiff was told by Officer Olson that there was no medical need for thermals. Plaintiff alleges that defendant Kuhn just stated, "no extra clothing or pillow."

Plaintiff appears to claim that he had a medical need for the thermals, extra blankets and extra pillow. It appears that plaintiff was a pretrial detainee at all relevant times. If this is not the case, plaintiff shall clarify his status in the jail in an amended complaint.

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. Cty. of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070–71 (9th Cir. 2016) (en banc). In Guerra v. Sweeny, 2016 WL 5404407 (E.D. Cal. 2016) (Ishii, J.), the court extended Castro to an untreated medical needs case. The court determined that the elements of such a claim are: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The

1    defendant did not take reasonable steps to obtain or provide medical care, even though a
2    reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the
3    high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such
4    measures, the defendant caused the plaintiff's injuries. Id. at *3.

Plaintiff alleges that he required an extra pillow, extra blanket and thermals because of physical, and possible mental, injuries he suffered during the Vietnam War. Plaintiff alleges that he required the extra bedding and clothing because of bullets left in his body. These allegations are too vague for the undersigned to find that plaintiff had a serious medical need. For this reason, plaintiff's claim alleging inadequate medical care is dismissed. If plaintiff files an amended complaint, he shall describe in more detail his medical and mental problems on which he based his request for extra bedding and clothing. For example, plaintiff shall address how the bullets in his body caused him to need extra bedding and/or extra clothing. Plaintiff shall also address any injuries to his neck which warrant his request for an extra pillow. Plaintiff shall also address how he brought his medical needs to the attention of defendants.

Plaintiff may also be raising a separate claim regarding the temperature of the jail, unrelated to his medical needs. In other words, plaintiff may be claiming that the jail was too cold. If plaintiff files an amended complaint, he shall clarify whether he is raising a separate claim challenging the temperature of the jail. If plaintiff raises this claim, he shall describe the temperature of the jail and how it made him feel.

Plaintiff also alleges that he requires eye glasses because he cannot see things that are 20 inches or less away. Plaintiff alleges that defendant Kuhn denied his request to see an outside eye specialist. As a result, plaintiff alleges that he is suffering with his eye problem.

Based on plaintiff's description of his vision problem, it appears that plaintiff is claiming that he requires reading glasses. The need for reading glasses does not present a serious medical need. See Canell v. Multnomah County, 141 F.Supp.2d 1046, 1057 (D. Or. 2011) (need for reading glasses did not present a serious medical need). For this reason, plaintiff's claim alleging that he was denied glasses is dismissed with leave to amend.

////

4

Because plaintiff has not pled potentially colorable claims regarding the alleged deprivations, the undersigned finds that he has not stated potentially colorable claims against defendants Sheriff, D'Agostini, El Dorado County Sheriff's Department and CMGC. However, if plaintiff files an amended complaint naming these defendants, plaintiff is informed that a municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. See Board v. Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the El Dorado County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 12, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rod172.14

| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOHN ARBOR CAMPOS-RODRIGUEZ, | No. 2: 18-cv-172 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| JOHN D'AGOSTINI, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint

                              _____
                              Plaintiff