UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARBOR CAMPOS RODRIGUEZ, | No. 2: 18-cv-0172 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOHN D'AGOSTINI, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 12, 2018, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 8.) Pending before the court is the amended complaint. (ECF No. 10.) For the reasons stated herein, the amended complaint is dismissed with leave to file a second amended complaint.

Plaintiff is incarcerated at the El Dorado County Jail in South Lake Tahoe, California. Named as defendants in the amended complaint are El Dorado County Sheriff D'Agostini, Jail Medical Director Kuhn, and Correctional Medical Group Company ("CMGC"). Plaintiff alleges that defendant Kuhn denied his request to see an eye doctor. Plaintiff alleges that defendants should have known that his vision was failing. Plaintiff alleges that his vision fell from 1.25 to 1.50, and now to a 1.75 lens prescription, within less than a year of his incarceration. Plaintiff alleges that he is also suffering from other injuries, including an injury to his retina.

1

In order to state a potentially colorable claim for the denial of the right to medical care, plaintiff must allege that he had a serious medical need. See Guerra v. Sweeny, 2016 WL 5404407 at *3 (E.D. Cal. 2016).

Plaintiff's description of his eyesight and eye glass prescriptions indicates that he requires reading glasses. See https://www.webmd.com/eye-health/need_reading_glasses#1. In essence, plaintiff is alleging that defendants have failed to provide him with stronger reading glasses.

As the undersigned previously informed plaintiff in the March 12, 2018 order dismissing the original complaint, the need for reading glasses does not present a serious medical need. See Canell v. Multnomah County, 141 F.Supp.2d 1046, 1057 (D. Or. 2011) (need for reading glasses did not present a serious medical need). The undersigned observes that the prescription plaintiff seeks, i.e., 1.75, involves a relatively mild correction. See id. As for plaintiff's claim that his eyes are getting worse, "close vision" gets worse with age. Id. Plaintiff's description of his change in prescription, alone, does not indicate a serious medical problem.

For the reasons stated above, plaintiff's claim that defendants refused to take him to an eye doctor so that he could get a stronger prescription for reading glasses is dismissed for failing to state a potentially colorable claim for relief. Plaintiff should not include this claim in a second amended complaint unless the undersigned has misunderstood his claim.

Plaintiff does not describe the injury to his retina that defendants allegedly failed to treat. For this reason, the undersigned cannot find that plaintiff has demonstrated a serious medical need related to his retina. Accordingly, this claim is dismissed with leave to amend. If plaintiff files a second amended complaint, he shall clearly describe the injury to his retina which defendants allegedly failed to treat.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

If plaintiff files a second amended complaint, he must link every named defendant to an alleged deprivation.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint (ECF No. 10) is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

Dated: April 13, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rod172.ame

3