UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARBOR CAMPOS RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JOHN D'AGOSTINI, et al.,<br><br>Defendants. | No. 2:18-cv-0172 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding, without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On April 13, 2018, the undersigned dismissed plaintiff's first amended complaint with leave to amend. (ECF No. 11.) Pending before the court is plaintiff's second amended complaint. (ECF No. 12.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

Plaintiff is incarcerated in the El Dorado County Jail in South Lake Tahoe, California. In the original complaint, plaintiff alleged that he required eye glasses because he could not see things that were 20 inches or less away. (ECF No. 8 at 4.) Based on plaintiff's description of his vision problem, it appeared that plaintiff claimed that he required reading glasses. (Id.) The undersigned dismissed this claim with leave to amend because the need for reading glasses does not present a serious medical need. (Id. (citing Canell v. Multnomah County, 141 F.Supp.2d 1046, 1057 (D. Or. 2011) (need for reading glasses did not present a serious medical need).)

1

In the first amended complaint, plaintiff alleged that his request to see an eye doctor was denied. (ECF No. 11 at 1.) Plaintiff alleged that defendants should have known that his vision was failing. (Id.) Plaintiff alleged that his vision fell from 1.25 to 1.50, and then to a 1.75 lens prescription, within less than a year of his incarceration. (Id.) Plaintiff alleged that he suffered from other injuries, including an injury to his retina. (Id.)

The undersigned dismissed the first amended complaint because plaintiff failed to allege that he had a serious medical need. (Id. at 2.) The undersigned found that plaintiff's description of his eyesight and eye glass prescriptions indicated that he required reading glasses. (Id. (citing https://www.webmd.com/eye-health/need_reading_glasses#1).) Again citing Canell v. Multnomah, 141 F.Supp.2d 1046, 1057 (D. Or. 2011), the undersigned found that the need for reading glasses did not present a serious medical need. (Id.) The undersigned also observed that the prescription plaintiff sought, i.e., 1.75, involved a relatively mild correction. (Id.) As for plaintiff's claim that his eyes were getting worse, the undersigned found that "close vision" gets worse with age. (Id.) Plaintiff's description of his change in prescription, alone, did not indicate a serious medical problem. (Id.)

The first amended complaint also alleged that plaintiff had a retina injury. The undersigned dismissed this claim because plaintiff did not describe the injury to his retina that defendants allegedly failed to treat. (Id.)

Plaintiff names as defendants in the second amended complaint El Dorado County Sheriff D'Agostini, Medical Director Kuhn and Nurse Flood. (ECF No. 12 at 1.) Plaintiff alleges that he received inadequate medical care for injuries to his eyes, retina and cataract. (Id.) Plaintiff alleges that his requests to see an eye doctor were repeatedly denied. (Id. at 1-2.) Plaintiff alleges that because of defendants' failure to send him to an outside eye doctor, he will continue to suffer damage to his eyes, loss of vision and other injuries. (Id. at 4.)

Plaintiff's second amended complaint does not specifically describe the eye injuries from which plaintiff allegedly suffers. The undersigned reviewed the exhibits attached to the second amended complaint in order to determine whether these exhibits contained information regarding the alleged eye injuries. The undersigned located the following exhibits discussing plaintiff's eye

problems. In a sick call request slip dated December 19, 2017, plaintiff wrote, "Why do I need to wait over a year to get prescribe glasses? I have (near problems) to see items at 20 inches or less." (Id. at 14.)

In an administrative grievance dated January 26, 2018, plaintiff wrote that he submitted grievances regarding his "vision problems" for ten months. (Id. at 26.) In response to this grievance, on February 2, 2018, defendant Flood wrote that plaintiff was seen on "12/07/2018" for a "Snellen exam." (Id. at 27.) It appears that defendant Flood meant to write "2017" rather than "2018." Defendant Flood then wrote that plaintiff was referred to on-site Medical Director, defendant Kuhn, on December 28, 2017, regarding multiple complaints. (Id.) Defendant Flood wrote that plaintiff did not address his eye concerns with defendant Kuhn, so he would be referred to the next provider sick call to discuss them. (Id.)

In a letter dated February 11, 2018, addressed to defendant D'Agostini, plaintiff wrote that he was losing his vision. (Id. at 28.)

The undersigned again finds that plaintiff has failed to adequately allege that he suffered from a serious medical need. It is unclear whether plaintiff was a pretrial detainee or convicted prisoner during the relevant time period. However, under the Fourteenth Amendment (the standard for evaluating claims of inadequate medical care by pretrial detainees) and the Eighth Amendment (the standard for evaluating claims of inadequate medical care by convicted prisoners), plaintiff is required to demonstrate that he had a serious medical need. See Gordon v. County of Orange, 888 F.3d 1118 (9th Cir. 2018) (Fourteenth Amendment); Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990) (Eighth Amendment).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See Wood v. Housewright, 900 F.2d at 1337-41 (9th Cir.1990) (citing cases).

3

Based on the exhibits attached to the second amended complaint, it is clear that plaintiff is again alleging that defendants failed to provide him with reading glasses. As discussed above, the need for reading glasses does not present a serious medical need. Canell v. Multnomah County, 141 F.Supp.2d at 1057.

Plaintiff again generally alleges that defendants have failed to treat his retina. However, plaintiff does not describe the retina injury defendants allegedly failed to treat. Plaintiff's exhibits do not mention this alleged retina injury. Because plaintiff does not describe the injury to his retina, the undersigned finds that he has not plead sufficient facts demonstrating a serious medical need with respect to his retina.

The second amended complaint also alleges that defendants failed to treat plaintiff's cataracts. Plaintiff did not raise a claim regarding cataracts in the original or first amended complaints. While the failure to treat cataracts could rise to a constitutional violation, plaintiff has not plead sufficient facts from which the undersigned can find that the condition of his cataracts rises to a serious medical need. Plaintiff does not describe the condition of his cataracts. The undersigned has reviewed plaintiff's exhibits and finds no further explanation of his claim regarding his cataracts.

Because plaintiff does not describe his retina and cataract problems, the undersigned cannot find that these alleged problems are contributing to plaintiff's alleged failing vision. Instead, it appears from the exhibits attached to the second amended complaint that plaintiff's alleged failing vision is related to his need for reading glasses.

Plaintiff has been unable to cure the pleading defects despite having been granted two opportunities to amend his complaint. For this reason, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 5, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rod172.dis